IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALONZO TRAYLOR, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:21-cv-01912-X (BT) |
| | § | |
| KOCHAV YACHID WINDJAMMER LLC, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* Plaintiff Alonzo Traylor has purportedly filed this civil action under 42 U.S.C. § 1983. Compl. 3 (ECF No. 3). The Court granted Traylor leave to proceed *in forma pauperis,* issued summons, and directed the United States Marshals Service (USMS) to serve defendant Kochav Yachid Windjammer LLC ("Windjammer LLC") at the address Traylor provided in his pleadings. But the USMS could not serve Windjammer LLC at the address Traylor provided. Before ordering Traylor to provide another address for Windjammer LLC, the Court conducted additional judicial screening under 28 U.S.C. § 1915(e). It does not appear that Traylor can state a viable § 1983 claim against Windjammer LLC. Accordingly, the Court should DISMISS this *pro se* civil action.

I.

Traylor purports to bring this action under § 1983 against his former landlord for alleged deprivations of his due process rights under the United States Constitution. In his initial complaint, Traylor alleged that a "parole officer unit

supervisor," Rontoyia Garrett, issued a parole violation warrant, which resulted in the termination of Traylor's voucher for public housing benefits and, ultimately, his eviction from an apartment owned by Defendant Windjammer LLC. Compl. 3, 5-6 (ECF No. 3).

The Court issued an Order and Notice of Deficiency (ECF No. 7) directing Traylor to file a complaint in compliance with Federal Rule of Civil Procedure 8(a) and also sent Traylor a Magistrate Judge's Questionnaire (ECF No. 9) to elicit facts to better understand his claims. In response, Traylor filed an amended complaint (ECF No. 8), a second amended complaint (ECF No. 10), and an answer to the Magistrate Judge's Questionnaire (ECF No. 11). In each of these submissions, Traylor identifies Windjammer LLC as the sole defendant,[1] and he demands more than $1.7 million in damages for wrongfully terminating his lease during the COVID-19 pandemic. Resp. 8 (ECF No. 11).

The Court entered an order directing the Clerk to issue summons to Windjammer LLC at 5601 Bridge Street, Suite 504, Fort Worth, Texas 76112—the address Traylor provided in his pleadings. (ECF No. 12.) On October 26, 2021, the summons issued for Windjammer LLC was returned unexecuted. (ECF No. 18.) The deputy marshal represented:

---

[1] Originally, Traylor also identified Garrett as a defendant. Compl. 2. But because Traylor did not name Garrett as a defendant in his amended complaint, the Court terminated him as a party to this action on September 8, 2021. Additionally, Traylor recently filed a third amended complaint naming Tracy Newbill as the sole defendant (ECF No. 14). However, the Court struck Traylor's third amended complaint because he filed it without leave of court.

> On October 22, 2021, the office at the address provided was vacant. The deputy called and left a voicemail with the attorney named in the complaint, Courtney Brooks. On October 26, 2021, the deputy called again, but there was no answer.

*Id.*

Upon receipt of the USMS return, the Court conducted additional judicial screening under 28 U.S.C. § 1915(e). The Court now concludes that Traylor has no viable § 1983 claim against Windjammer LLC.

## II.

Traylor's pleadings are subject to preliminary screening under 28 U.S.C. § 1915(e). That section provides that a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Traylor has named Windjammer LLC as the sole defendant in this action to recover damages for alleged constitutional violations under § 1983. To state a claim

under § 1983, a plaintiff must allege that a defendant acted "under color" of state law. 42 U.S.C. § 1983. Only "state actors" may be sued for federal civil rights violations. Private parties become "state actors" only when their conduct is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *see also Filarsky v. Delia*, 566 U.S. 377, 383 (2012) ("Anyone whose conduct is 'fairly attributable to the State' can be sued as a state actor under § 1983.") (citing *Lugar*, 457 U.S. at 937). The phrase "fairly attributable to the State" means (1) "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible"; and (2) "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar*, 457 U.S. at 937. Traylor does not allege that Windjammer LLC engaged in any conduct that could be fairly attributable to the State. Therefore, Windjammer LLC is not a state actor, and Traylor's claims should be dismissed. *See Miller v. Hartwood Apartments, Ltd.*, 689 F.2d 1239, 1242 (5th Cir. 1982) (holding that plaintiffs could not pursue § 1983 claims against private apartment complex); *see also Williams v. Candletree Apartments*, 38 F. Supp. 3d 801, 804 (N.D. Tex. 2014) (holding that private apartment complexes that denied prospective tenant's application to rent an apartment using voucher issued by city housing authority were not state actors, as required for resident's § 1983 action).

### III.

The Court should DISMISS this *pro se* civil action.

**SO RECOMMENDED**.

November 9, 2021.

                                                  REBECCA RUTHERFORD
                                                  UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).